**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**DRAHCIR S. PARSON,**

                          **Plaintiff,**

**v.**

                                                        **9:14-CV-1267 (BKS/CFH)**

**INSPECTOR BARBOZA,** *Warren County Jail*,

                          **Defendant.**
_____

**Appearances:**

**Drahcir S. Parson**
Schenectady, NY 12303
Plaintiff, pro se

**Gregg T. Johnson, Esq.**
**April J. Laws, Esq.**
Lemire, Johnson & Higgins LLC
P.O. Box 2485
2534 Route 9
Malta, NY 12020
Attorney for Defendant

**Hon. Brenda K. Sannes, U. S. District Judge**

## MEMORANDUM-DECISION AND ORDER

**I.    BACKGROUND**

Plaintiff pro se Drahcir Parson brought this action against Defendant Inspector Barboza under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was a pretrial detainee at the Warren County Jail. Dkt. No. 18. On December 18, 2015, Defendants filed a motion for summary judgment seeking dismissal of the complaint. Dkt. No. 27. Plaintiff did not respond to Defendants' motion. In addition, certified mail sent to Plaintiff notifying him of the

due date for his response to the summary judgment motion was returned to the Court as "unclaimed" on January 27, 2016. Dkt. No. 33.

On June 28, 2016, United States Magistrate Judge Christian F. Hummel issued a Report-Recommendation and Order recommending that Defendants' motion be granted in part and denied in part and advised the parties of their right to file objections. Dkt. No. 37. Defendant Barboza filed an objection to the Report-Recommendation. Dkt. No. 41. Plaintiff, however, neither objected to the Report-Recommendation nor responded to Defendant's objection.

On August 18, 2016, the Court issued an order adopting the Report-Recommendation. Dkt. No. 43. On August 19, 2016, the Courtroom Deputy to the undersigned sent Plaintiff a letter advising that this case is trial ready and requesting that Plaintiff "advise . . . in writing on or before September 2, 2016 as to whether [he] would like the Court to appoint an attorney to represent [him] at trial." Dkt. No. 43. On September 1, 2016, Defendant filed a motion for reconsideration on the issue of qualified immunity. Dkt. No. 44. Plaintiff did not respond to the Courtroom Deputy's August 19, 2016 letter or Defendant's motion for reconsideration. Indeed, Plaintiff has not communicated with the Court in more than a year – his last filing was a change of address on September 25, 2015. Dkt. No. 25.

On November 18, 2016, the Court issued an order to show cause why this action should not be dismissed for failure to prosecute. Dkt. No. 45, p. 2 (citing N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed."); *Horton v. City of N.Y.*, 636 F. App'x 822, 823 (2d Cir. 2016) ("'[A]lthough the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives

2

the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute.'") (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001))). The Court directed Plaintiff to file by December 9, 2016, a "certificate setting forth the status of this action and whether good cause exists to dismiss it for failure to prosecute." Dkt. No. 45, p. 4 (quoting N.D.N.Y. L.R. 41.2(a)). The Court advised Plaintiff that if he failed to file a certificate of status by December 9, 2016, this action would be dismissed. *Id*. To date, the Court has received no response from Plaintiff. For the following reasons, Defendant's motion for reconsideration (Dkt. No. 44) is denied and this action is dismissed for failure to prosecute.

## II. DISCUSSION

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," a court may dismiss the action. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). *See also* N.D.N.Y. L.R. 41.2 ("Whenever it appears that the plaintiff has failed to prosecute an action or proceed diligently, the assigned judge shall order it dismissed."). Moreover, the Second Circuit has stated that:

> [T]he involuntary dismissal is an important tool for preventing undue delays and avoiding docket congestion. But it is also one of the harshest sanctions at a trial court's disposal, since it usually extinguishes the plaintiff's cause of action and denies plaintiff his day in court. As a result, it is reserved for use only in the most extreme circumstances.

U.S. *ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) (internal citation omitted). The Second Circuit has further stated that courts "should be especially hesitant to dismiss for procedural deficiencies where the failure is by a *pro se* litigant." *Hunter v. N.Y. State Dep't of Correctional Servs.*, 515 F. App'x 40, 42 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d

3

Cir. 1996)) (internal punctuation omitted). Mindful of the Second Circuit's admonition that courts should be cautious when dismissing an action for procedural deficiencies, the Court first considers whether Defendant's motion for reconsideration (Dkt. No. 44) might resolve this action.

### A. Motion for Reconsideration

In general, a motion for reconsideration may only be granted upon one of three grounds: "an intervening change of controlling law, the availability of new evidence or the need to correct a clear error of law or prevent manifest injustice." *United States v. Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790)); *see also Shannon v. Verizon N.Y., Inc.*, 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The standard for reconsideration is strict and is committed to the discretion of the court." *S.E.C. v. Wojeski*, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010) *aff'd sub nom. Smith v. S.E.C.*, 432 F. App'x 10 (2d Cir. 2011).

In her motion for reconsideration, Defendant does not identify an intervening change of controlling law, indicate that new evidence is available, or allege that there was a clear error of law. Rather, Defendant reargues the issue of qualified immunity in essentially the same manner as she did in her objections. *Compare* Dkt. No. 42, pp. 14–15, *with* Dkt. No. 44-1, pp. 6–10. Having determined that Defendant's video evidence does not "so utterly discredit" Plaintiff's allegation in the verified complaint that Defendant "slammed [Plaintiff] to the ground from

4

behind and then grabbed [his] right finger to break it as she began handcuffing [him]," Dkt. No. 18, p. 3, Magistrate Judge Hummel properly concluded, and this Court agreed, that in light of the parties' factual dispute, Defendant was not entitled to qualified immunity at this point in the proceedings. *See* Dkt. No. 37, pp. 15, 30 (finding that "because a reasonable jury could conceivably accept Parson's claim that Barboza's use of force was objectively unreasonable, Barboza is not entitled to qualified immunity for the alleged Fourteenth Amendment violation."); Dkt. No. 42, pp. 4–5. *See also O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 37 (2d Cir. 2003) (explaining that in the excessive force context that "[s]ummary judgment should not be granted on the basis of a qualified immunity defense premised on an assertion of objective reasonableness unless the defendant show[s] that no reasonable jury, viewing the evidence in the light most favorable to the [p]laintiff, could conclude that the defendant's actions were objectively unreasonable in light of clearly established law."). Accordingly, there is no basis for reconsideration and Defendant's motion (Dkt. No. 44) is denied.

### B. Dismissal for Failure to Prosecute

The Second Circuit has instructed courts to consider the following factors when determining whether dismissal for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate:

> whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*U.S. ex rel. Drake*, 375 F.3d at 254. None of these factors is dispositive. *Lopez v. Smurfit-Stone Container Enterprise, Inc.*, 289 F.R.D. 103, 104-105 (W.D.N.Y. 2013).

Considering these factors, the Court concludes that dismissal for failure to prosecute is warranted under the circumstances of this case. First, Plaintiff's failure to prosecute has delayed this action significantly—it has been pending for more than two years, and it is trial ready. Second, Plaintiff was given notice that failure to cooperate or appear in connection with this case could result in dismissal. Dkt. No. 45; Dkt. No. 8, p. 5. Third, Defendant is likely to be prejudiced by delaying trial indefinitely. Fourth, while the Court is mindful that Plaintiff has survived summary judgment and is entitled to trial with respect to his excessive force claim against Defendant, because he has not appeared in this action for more than a year, the Court finds that the need to alleviate calendar congestion outweighs Plaintiff's right to an opportunity for a day in court. Fifth, where, as here, Plaintiff has failed to suggest that he has any intention of pursuing this action, the Court concludes that a sanction less than dismissal would be ineffective. Thus, having carefully considered the relevant factors, the Court finds that dismissal is warranted.

### III. CONCLUSION

For these reasons, it is

**ORDERED** that Defendant's motion for reconsideration (Dkt. No. 44) is **DENIED**; and it is further

**ORDERED** that the amended complaint (Dkt. No. 18) is **DISMISSED without prejudice** for failure to prosecute; and it is further

**ORDERED** that the Clerk of the Court is directed to serve a copy of this Memorandum-Decision and Order on Plaintiff via Certified Mail and close this case.

**IT IS SO ORDERED.**

**Date:** December 15, 2016
Syracuse, New York

Brenda K. Sannes
U.S. District Judge